**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-02210-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| MOUNTAIN SHADOWS COMMUNITY ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC. AIRMOTIVE INVESTMENTS, LLC, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court are four motions: (1) Defendant Mountain Shadows Community Association's (the HOA) Motion to Dismiss, ECF No. 30; (2) Plaintiff Bank of America's ("BANA") Motion for Partial Summary Judgment, ECF No. 31; (3) Defendant Las Vegas Development Group LLC's Motion to Dismiss, or, Alternatively, Motion for Summary Judgment, ECF Nos. 32, 33 and (4) Defendant Mountain Shadows Community Association's Motion for Summary Judgment, ECF No. 35. For the following reasons, the Court denies Plaintiff Bank of America's Motion for Partial Summary Judgment in its entirety and grants the other motions.

## II. PROCEDURAL BACKGROUND

BANA filed its complaint on September 20, 2016 asserting various claims for declaratory relief and quiet title stemming from a nonjudicial foreclosure sale on a property for which it held a deed of trust. ECF No. 1. Las Vegas Development Group filed an Answer on October 11, 2016.

ECF No. 10. A scheduling order was set on November 3, 2016. ECF No. 14. This matter was administratively stayed on May 22, 2017, pending the Ninth Circuit's decision in <u>Bourne Valley Court Trust v. Wells Fargo Bank</u>. ECF No. 24. The stay in this matter was lifted on April 8, 2019. ECF No. 27. The HOA filed the instant Motion to Dismiss on May 3, 2019. ECF No. 30. The motion was fully briefed. ECF Nos. 42, 46. Plaintiff filed the instant Motion for Partial Summary Judgment on May 10, 2019. ECF No. 31. This motion was also fully briefed. ECF Nos. 39, 48, 49. Las Vegas Development Group also filed a Motion to Dismiss or, Alternatively, Motion for Summary Judgment on May 10, 2019. ECF Nos. 32, 33. This motion was fully briefed. ECF Nos. 40, 41, 50. The HOA filed the instant Motion for Summary Judgment on May 13, 2019. ECF No. 35. This motion was also fully briefed. ECF Nos. 43, 47. On July 30, 2019, the Court held a hearing on the pending motions. ECF No. 59. This written order now follows.

### III. FACTUAL BACKGROUND

#### a. Undisputed Facts

The Court finds the following facts to be undisputed.

On or about April 11, 2008, Marvelle and Jennifer Cranford refinanced the real property located at 6225 Hardgate Street, North Las Vegas, Nevada 89031-1392 by way of loan from Countrywide Bank FSB in the amount of $350,817.00, secured by a deed of trust recorded against the property on April 16, 2008. Countrywide Bank, FSB assigned the senior deed of trust to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP via assignments recorded on August 25, 2010 and July 6, 2011.

In July 2011, BAC Home Loans Servicing, LP merged into its parent company, Plaintiff BANA. The HOA recorded a notice of delinquent assessment lien against the property on October 25, 2010. The notice states the amount due was $1,135 but does not provide the superpriority amount or state that the HOA intended to foreclose on a "superpriority" lien. On July 20, 2011, the HOA recorded a notice of default and election to sell to satisfy the lien. The notice states the borrowers

owed $3,311.20 but does not provide the superpriority amount or state that the HOA intended to foreclose on a "superpriority" lien. On April 19, 2012, the HOA recorded a notice of foreclosure sale. The notice states the amount due was $5,534.62, including the unpaid balance of the obligation and reasonable estimated costs, expenses and advances but again does not provide the superpriority amount, state the HOA intended to foreclose on a superpriority lien, or provide direction regarding the satisfaction of that amount. The foreclosure sale occurred on May 18, 2012. Sometime after the notice of default but before the sale, BANA requested the superpriority amount of the HOA's lien, and unconditionally offered to pay that amount. The HOA provided BANA with a ledger, but it did not show the superpriority amount. Based on the $90 monthly assessment identified in the ledger, BANA calculated the nine-month superpriority amount to be $810.00 and tendered that amount to the HOA on October 6, 2011. NAS acknowledged receiving the check but refused to accept it, stating its reason for rejecting the check as: "not paid in full."

### b. Disputed Facts

The Court does not find there to be any undisputed facts.

## IV. LEGAL STANDARD

### a. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "First, to be

entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

### b. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Court finds that while Plaintiff has raised an otherwise valid issue of tender, this argument (and all others) are foreclosed by the four-year statute of limitations. Sale of the property

took place on May 18, 2012 and the complaint was filed on September 20, 2016. This Court has repeatedly found that the three-year statute of limitations bars all claims brought under NRS Chapter 116. Claims based upon a thwarted tender and all other equitable claims carry a four-year statute of limitations pursuant to the catch-all provision at NRS 11.220. See Carrington Mortg. Servs., LLC v. Tapestry Town Ctr. Homeowners Ass'n, 381 F.Supp. 1289, 1293–94 (D. Nev. Mar. 31, 2019).

Plaintiff filed a motion for leave to file supplemental authority arguing that the statute of limitations should be tolled. However, the Court rejected Plaintiff's motion for reasons stated on the record during the hearing and will not consider Plaintiff's new arguments. The Court thus finds that all of Plaintiff's claims are time-barred.

### VI. CONCLUSION

**IT IS ORDERED** that Defendant Mountain Shadows Community Association's Motion to Dismiss (ECF No. 30) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 31) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Las Vegas Development Group LLC's Motion to Dismiss (ECF No. 32) is DENIED as moot.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case (ECF No. 3) is expunged.

The Clerk of the Court is instructed to enter judgment accordingly in favor of Defendants and close the case.

DATED: February 10, 2020.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

5